# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Frederick W.,**
**Respondent Below, Petitioner,**

**vs.) No. 19-1083** (Taylor County 14-D-17)

**Mary F.,**
**Petitioner Below, Respondent**

**FILED**

**January 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Frederick W. ("husband"), by counsel  Larry W. Chafin and Debra V. Chafin, appeals the October 1, 2019, order of the Circuit Court of Taylor County that denied his appeal of the July 8, 2019, final order of the Family Court of Taylor County in this divorce proceeding. Respondent Mary F. ("wife"), who is self-represented, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on July 9, 2005. Husband claims he and wife separated in 2008; wife claims they separated in 2012. The parties last engaged in marital relations in 2011. Wife filed a petition for divorce in 2014.

The parties' divorce action was initially tried in the family court on October 28, 2015. The evidence showed that husband is an over-the-road truck driver who drives nationwide, and that wife stays home and cares for the couple's teenage daughter who has autism. By final order issued November 24, 2015, then-family court judge Beth Longo denied wife's request for spousal support but granted wife's request for child support and attorney's fees. The family court granted husband a flexible parenting schedule given his unpredictable work schedule and imposed a holiday visitation schedule. Husband appealed to the circuit court, which denied relief by order entered January 15, 2016.

Soon thereafter, wife appealed to this Court.[1] We found that the record before us was incomplete given that there was no recording of the morning session of the parties' October 28,

---

[1] Mary W. v. Frederick W., No. 16-0145.

1

2015, final family court hearing. Due to the lack of a recording, there was no record to support the family court's November 24, 2015, final order. Accordingly, by dispositional order dated December 9, 2016, this Court remanded the matter to the family court for a new final hearing on four issues (spousal support, child support, parenting time, and the husband's attempt to obtain a passport for the minor child) and dismissed wife's appeal.

A new family court judge, Karen Hill Johnson, presided over the remainder of the case. Prior to the final hearing, wife filed several pleadings and other documents in the family court alleging that husband was non-compliant with her discovery requests. The family court later found that husband "had been and continues to be non-compliant with responding to [wife's] discovery attempts."

On June 8, 2018, the family court judge conducted a new final hearing on the issues remanded by this Court. Both parties were self-represented. At the hearing, wife entered ten exhibits and husband offered none. Husband contends that the family court stated at least three times during the hearing that the parties were starting over on the issues remanded by the Court and that the parties needed to present any and all evidence they wanted the family court to consider. Husband claims that given the family court's statement that the case was "starting over," he did not address any evidence entered by wife at the 2015 hearing before the original family court judge. Also at the final hearing, the family court notified husband that it intended to interview the parties' child in camera. That interview occurred on June 18, 2018, after the final hearing.[2]

On July 8, 2019, the family court judge entered a final order in which the court noted that it had considered "[a]ny and all prior exhibits and evidence presented at any prior hearing held in this case." The family court judge found as follows: (1) husband does not believe his daughter has autism; (2) he fails to follow recommended routines and regimens for the child when she was in his care; and (3) that failure has an adverse impact on the child. The family court also noted that husband subjects the child to driving in his truck when she is with him and, therefore, she cannot adhere to her required routines. Moreover, husband forces the child to navigate airports when she returns from visits with him, and this exacerbates her symptoms and is contrary to her best interests. The family court also found that husband does not have his own home and that he currently resides with his daughter-in-law's daughter in an apartment in Colorado. The family court rejected husband's claim that he could not work due to the divorce litigation and other litigation in which he was involved. The family court further (1) found that husband was at fault for the deterioration of the marital relationship due to his extra-marital relationship with another woman and his insensitivity to wife's health conditions that made her sensitive to rough sex; (2) granted wife decision-making authority for the child who was then fourteen years old; (3) found that due to the child's special needs, it was not appropriate to attribute income to wife; (4) imposed a custodial schedule of daytime visits for husband with the child when he is in Michigan, where the child now resides, upon seven day's prior notice; (5) denied husband's request for a passport for the child; (6) found that husband had not been forthcoming with discovery; (7) found that

---

[2] Following the final hearing, Child Protective Services ("CPS") opened an "overlap investigation" of husband. Thereafter, the child participated in an interview on July 29, 2018, and Child Protective Services interviewed husband. CPS allegedly issued various reports, none of which are in the record on appeal. Husband claims he heard nothing more from CPS until he received a notice, one year later, that the case had been closed.

husband had a gross monthly income of $7,144.37 and, therefore, attributed him with a yearly income of $85,732.48; (8) awarded wife $2,806.65 in attorney's fees; (9) ruled that wife shall have the right to claim the child for tax purposes unless claiming the child is of no benefit to her; (10) awarded wife $525.00 per month in spousal support effective November 1, 2015, through June 30, 2023; (11) required husband to pay $773.90 monthly in child support, effective November 1, 2015, until the child turns eighteen or beyond if she continues in school; and (12) required husband to pay 90% of the child's medical expenses not covered by insurance after the first $250 of such expenses in any calendar year.

Husband, who remained self-represented, appealed the family court's final order to the circuit court, raising four assignments of error: (1) his child support obligation was calculated in error; (2) he did not cohabitate with wife until 2012; (3) he did not cause certain medical insurance claims raised by wife; and (4) the court erred in failing to find that he has a permanent home in Colorado where the child can have her own room when she comes to stay. In an order dated October 1, 2019, the circuit court denied husband's appeal and found that the family court did not abuse its discretion. Husband now appeals.

This Court applies the following standard of review to petitioner-husband's appeal:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

Husband raises five points of error on appeal. First, husband argues that he was denied due process and an opportunity to meet the evidence in the record because the family court judge relied upon evidence adduced at prior hearings. Furthermore, husband argues that the family court relied on evidence adduced at in camera interviews with his daughter after the final hearing. Husband, however, does not cite to any rule or statute prohibiting a family court judge from ruling on the totality of the evidence. Furthermore, husband does not cite to any location in the record on appeal where he objected or raised this issue before the family court or the circuit court. We have often stated that "[t]his Court will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997). We therefore refuse to consider husband's first assignment of error.

Husband's second argument is that the family court erred in calculating his income, and thereafter erred in calculating his child support and spousal support obligations. Husband asserts that he presented the family court with a 1099 form from 2017 that showed gross income of $21,433.12, and husband claims he testified to earning that sum between August 28 and December 31, 2017. The family court found husband earned that amount in one quarter of 2017, and then multiplied that number by four to achieve a gross annual salary of $85,732.48 for all of 2017.

Husband counters that other tax documents showed that he earned only $21,107.00 for all of 2017. Therefore, he contends that the circuit court erred in attributing excessive income to him.

He also maintains that his 2012 and 2013 tax returns and social security statements showed annual earnings anywhere from $18,196.00 to $46,485.00. Husband points out that the family court never made a finding that he was intentionally unemployed, not working full-time, or was deliberately working below full earning capacity. Husband complains that due to the family court's error in establishing his income, he pays much more in child support and spousal support than he should.

We disagree. Husband ignores the family court's finding that he presented only a 1099 form from the last quarter of 2017 as evidence of his income, and that "he has otherwise been non-compliant as to producing information about his income." The family court also found the husband "was not forthcoming or cooperative with producing any other documentation or other evidence as to his income after repeatedly being reminded and warned about said requirement and potential consequences." The family court concluded that husband "is secure in his employment with a significant salary. No evidence was presented to the contrary."

The record further shows that the family court did not "attribute" income to husband in the typical sense, that is, for deliberately earning less than he could have earned. *See* Syl. Pt. 4, *Porter v. Bego*, 200 W. Va. 168, 488 S.E.2d 443 (1997) ("'Attributed income' means income not actually earned by a parent, but which may be attributed to the parent because he or she is unemployed, is not working full time, is working below full earning capacity, or has non-performing or under-performing assets. . . . Attributed income consists of moneys which a support obligor should have earned had he or she diligently pursued reasonable employment opportunities, or reasonably utilized, applied, or invested his or her assets."). *See also* W. Va. Code § 48-1-205 (defining "attributed income"). Rather, the family court took the information that husband provided (one quarter's worth of earnings in 2017) and multiplied it by four quarters to determine his alleged earnings for an entire year. Given husband's failure to comply with wife's continuing discovery requests for husband's income statements and based on the minimal and insufficient evidence provided to the family court by husband, we cannot find that the final order was clearly wrong. Accordingly, we find husband is entitled to no relief in this regard.

Husband's third assignment of error concerns the family court's finding regarding the length of the parties' marriage. Husband highlights that, after the parties' October 2015 hearing before the first family court judge, that judge concluded that the parties were married "at most 6 years," and therefore denied wife's request for spousal support due to "the short length of the parties' marriage." As we noted above that order was set aside because of the failure to preserve a complete recording of the 2015 hearing. Upon rehearing the case in 2018, the second family court judge reconsidered wife's request for spousal support and found as follows in her final order:

> a. **Length of time the parties were married**: The parties were married on July 9, 2005. As of the final hearing held on October 28, 2015, the parties had been married for ten (10) years and three (3) months.

> b. **Period of time during the marriage with the parties lived together as husband and wife:** The parties were married on July 9, 2005, and the final divorce hearing was held on October 28, 2015. The [respondent wife] testified that the parties lived together as husband and wife from July of 2005 until December of 2012. The [petitioner husband] testified that the parties lived together as husband and wife from July of 2005 until August of 2008. The parties were physically

4

separated a substantial period of time due to [husband]'s work as an over the road truck driver, but this was not an actual legal separation of the parties.

In his brief, husband relates the parties' conflicting testimony regarding when the parties first tentatively separated in 2008, whether husband stopped working on the marriage in 2010, and when, whether, and how the parties attempted to reconcile before finally separating in December 2012. Husband asserts that the family court erred in considering the total length of the parties' marriage and should have focused solely upon the time the parties "actually lived together." Husband contends that if the family court had done so, it would have denied wife motion for spousal support.

West Virginia Code § 48-6-301 establishes the criteria by which a family court is to determine whether to award spousal support. Among those criteria is "[t]he length of time the parties were married," and "[t]he period of time during the marriage when the parties actually lived together as husband and wife[.] W. Va. Code § 48-6-301(b)(1) and (2)." Here, the final order shows that the family court considered both the total length of the parties' marriage and the period of time they "actually lived together as husband and wife[.]" When this Court reviews a family court's decision, we examine the record to "ensure the decision is supported by competent, material, and substantial evidence in the whole record" and that the "findings are supported by substantial evidence and consistent with the law." *Stephen L.H. v. Sherry L.H.*, 195 W. Va. 384, 393 n.11, 465 S.E.2d 841, 850 n.11 (1995). Having reviewed the record in light of this standard, we find no clear error in the family court's findings regarding the length of the parties' marriage or the time that the parties actually lived together.

Husband's fourth assignment of error concerns the family court's finding that husband engaged in an extra-marital relationship with another woman, and that he was insensitive regarding wife's medical issues. Unfortunately, husband does not direct us to any place in the record where he objected to or raised these concerns before the family court or before the circuit court on appeal. Because "[t]his Court will not consider an error which is not properly preserved in the record nor apparent on the face of the record[,]" we refuse to consider husband's fourth assignment of error. *See* Syl. Pt. 4, *Browning*.

Husband's fifth and final assignment of error concerns the parties' daughter, who, as noted above, has autism. The family court found that husband is living in Colorado with his daughter-in-law's daughter, and, when he works, he drives a long-haul truck and stays in hotels or truck stops. The family court also found that husband's living conditions and job interfere with his daughter's need for a set routine and that he does not "adequately recognize the minor child's diagnosis." Husband argues that there is evidence in the record showing that he does believe his child has autism and that "[i]t is clear based upon the evidence that while [wife] and [husband] may disagree about the level of autism of [the child], [husband] does appreciate that she has autism[.]"

Although husband's argument reads like a challenge to the family court's findings regarding his lack of appreciation of his daughter's autism, it appears that husband's intent was to challenge the family court's limited award of visitation with his daughter. "For a century-and-a-half, the courts of this State have been guided by the fundamental rule that, when addressing custody issues involving children, the best interests of the child trump all other considerations. It

is the polar star that steers all discretion." *Brooke B. v. Ray*, 230 W. Va. 355, 361, 738 S.E.2d 21, 27 (2013). Moreover, this Court has long cautioned that "we must not lose sight of the rule that obtains in most jurisdictions at the present day, that the welfare of the child is to be regarded more than the technical legal rights of the parent." *Connor v. Harris*, 100 W. Va. 313, 317, 130 S.E. 281, 283 (1925). Here, the family court concluded that husband had a "lack of stability and unconventional living and travel conditions at this time," and therefore imposed strict requirements on husband's visits with the child so as to protect her. However, the family court specifically left open the possibility for husband to file a petition to modify the terms of his child visitation, and to expand his parenting time. On this record, we find no error in the family court's decision.

Accordingly, for the reasons set forth above, we affirm the family court's October 21, 2019, order.

Affirmed.

**ISSUED:** January 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice William R. Wooton